| | |
|---|---|
| 1 | PAUL V. BENNETT, ESQ. |
| 2 | State Bar No. 130225<br>**BENNETT LEGAL SERVICES, INC.** |
| 3 | 18 Bartol Street, Suite 175<br>San Francisco, CA  94133 |
| 4 | eMail: *pbennett@bennettlaw.net* |
| 5 | Ph: (410) 353-4994<br>Attorney for Plaintiff |
| 6 | ALEXANDER ROSS |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER ROSS, an individual,<br><br>                                 Plaintiff,<br>        v.<br><br><br>TESLA MOTORS, INC., and DOES 1 through 10, inclusive,<br><br>                                 Defendants. | Case No.<br><br>1. **Disability Discrimination in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101,** *et seq*.<br>2. **Disability Discrimination in Violation of California Fair Employment and Housing ("FEHA") - Cal. Gov. Code § 12900** *et seq.*<br>3. **Failure to Grant Remote Work as a Reasonable Accommodation in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101,** *et seq*.<br>4. **Failure to Grant Remote Work as a Reasonable Accommodation as required by Cal. Gov. Code § 12940(m)**<br>5. **Failure to Engage in Interactive Process as required by the Americans with Disabilities Act of 1990, ("ADA") as amended, 42 U.S.C. § 12101,** *et seq*.<br>6. **Failure to Engage in Interactive Process as required by Cal. Gov. Code § 12940(n)**<br>7. **Wrongful Termination in Violation of California Fair Employment and Housing Act ("FEHA") Cal. Gov. Code § 12900,** *et seq.* |

NOW comes the Plaintiff ALEXANDER ROSS ("Plaintiff"), by and through his attorney of record Paul V. Bennett of Bennett Legal Services, Inc. and hereby complains against TESLA, INC., ("Defendant"), alleging as follows:

## **PARTIES**

1. Plaintiff is a 35-year-old male (DOB: February 19, 1989), with disabilities, who at all relevant times was an employee of Defendant.

2. Defendant TESLA MOTORS, INC. is a Delaware corporation registered with the State of California, and doing business in California. At all relevant times, Defendant was Plaintiff's employer with a business location of Hayward, California. Additionally, at all relevant times, Defendant was aware of Plaintiff's disabilities.

3. The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 at this time are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave to amend his claim for damages to reflect their true names and capacities when the same has been learned. Plaintiff upon information and belief, and thereon alleges, that each of said defendants is responsible jointly and severally, for the events and injuries described herein and caused damages thereby as alleged.

4. Plaintiff upon information and belief, and thereon alleges, that at all times mentioned herein, each and every co-defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of the other co-defendants, and in doing the actions hereinafter mentioned, was and/or is acting within the scope of their authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture or single enterprise, and with the permission and consent of each co-defendant. Plaintiff alleges that each of said defendants is responsible, jointly

///

and severally, for the events and injuries described herein and caused damages thereby to Plaintiff as alleged.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("hereinafter "ADA").

6. This Court additionally has original jurisdiction over this matter under 28 U.S.C §1332(a)1, as this dispute is between citizens of different states and the amount in controversy is greater than $75,000.

7. Venue is proper because all or most of the acts that gave rise to said action occurred in the City of Hayward, the County of Alameda, State of California.

**GENERAL ALLEGATIONS**

8. Plaintiff is a 35-year-old male (date of birth of February 19, 1989), who suffers from bi-polar disorder and panic disorder.

9. In or around June 2017, Defendant hired Plaintiff for the position of Staff Program Manager, Export Compliance, to work out of their Hayward, California.

10. Plaintiff performed well as Staff Program Manager, Export Compliance, meeting or exceeding all reasonable employer expectations during his tenure with Defendant.

11. Defendant was aware of Plaintiff's psychological health conditions in or around January 2023, after he spoke with his director about it, as well as having mentioned it in a telephone call with a manager in or around that same time period.

12. On or about February 15, 2023, Plaintiff also discussed his psychological health conditions with his manager.

13. Plaintiff last worked at Defendant's location on February 16, 2023.

///

14. On February 21, 2023, Plaintiff requested Short-term Disability Leave, including an official request for the reasonable accommodation of working remotely ("the Reasonable Accommodation Request"), due to a fear of returning to onsite work at that time, given his manager's sudden change in behavior, after he had discussed his disability with her on or about February 15, 2023.

15. On or about March 2, 2023, Plaintiff provided Defendant with supporting documents relative to the Reasonable Accommodation Request.

16. On or about March 6, 2023, Plaintiff provided Defendant with further supporting documents, namely, from his medical provider.

17. On or about March 14, 2023, Plaintiff provided Defendant with additional supporting documents from his medical provider.

18. On or about March 19, 2023, Defendant denied the Reasonable Accommodation Request.

19. On or about March 21, 2023, Plaintiff provided Defendant with his Appeal of their denial of the Reasonable Accommodation Request.

20. On or about March 22, 2023, Plaintiff provided Defendant with all remaining documentation specific to his Appeal.

21. On or about March 27, 2023, Plaintiff provided Defendant with further documents from his medical provider.

22. On or about March 30, 2023, Plaintiff provided Defendant with additional documents from his medical provider.

23. On or about April 11, 2023, Plaintiff provided Defendant with further documents from his medical provider.

///

24. On or about April 11, 2023, and April 12, 2023, Plaintiff sent certain employees of the Defendant, text messages which contained profane language.

25. On or about April 12, 2023, Defendant circulated in-house emails stating that Plaintiff ". . . appears to be experiencing some sort of episode and sent out concerning messages to his team last night."

26. On or about April 20, 2023, Defendant circulated a subsequent in-house email regarding the decision to terminate Plaintiff's employment because of his sending out such messages to his team.

27. On or about April 23, 2023, Plaintiff was terminated from Defendant's employ.

28. Plaintiff nevertheless continued to keep Defendant apprised of his mental health condition and ongoing treatment. On or about May 1, 2023, he provided Defendant with further disability related documentation from his medical provider.

29. On or about July 19, 2023, Plaintiff's Appeal of Defendant's denial of his Short-Term Disability Leave Request was granted and his benefits were reinstated for February 21, 2023, through April 21, 2023.

**FIRST CAUSE OF ACTION**
**Disability Discrimination in Violation of Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101, *et seq*.**

30. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 29 of this Complaint as if fully stated herein.

31. Under the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12101 *et seq*., it is illegal to discriminate against a qualified individual with a disability, because of that individual's disability, with regard to job application procedures, hiring, advancement, or discharge of the employee, compensation, job training, and other terms, conditions, and privileges of employment.

32. Plaintiff is a disabled individual within the meaning of the ADA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-polar disorder. The occurrence of episodes attributable to his disorders substantially impacts Plaintiff's ability to perform activities of daily living when compared to average individuals.

33. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

34. Defendant is an "employer" within the meaning of the ADA.

35. Defendant was aware of Plaintiff's disabilities at all relevant times.

36. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to onsite work at that time, due to his manager's sudden change in behavior after discussing his disability with her.

37. Plaintiff's disabilities were a substantial motivating reason for Defendant's termination of Plaintiff's employment.

38. The deliberate discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

39. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial.

///

///

///

## SECOND CAUSE OF ACTION
**Disability Discrimination in Violation of California Fair Employment and Housing ("FEHA") - Cal. Gov. Code § 12900 *et seq.***

40. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 39 of this Complaint as if fully stated herein.

41. The California Fair Employment and Housing Act ("FEHA") - Cal. Gov. Code § 12900 *et seq.*, prohibits employment discrimination on the basis of physical disability, mental disability and medical conditions.

42. Plaintiff is a disabled individual within meaning of the FEHA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-polar disorder. The occurrence of episodes attributable to his disorders substantially impacts Plaintiff's ability to perform activities of daily living when compared to average individuals.

43. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

44. Defendant is an "employer" within the meaning of the FEHA.

45. Defendant was aware of Plaintiff's disabilities at all relevant times.

46. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to onsite work at that time, due to his manager's sudden change in behavior after discussing his disability with her.

47. Plaintiff's disabilities were a substantial motivating reason for the termination of his employment by Defendant.

48. The deliberate discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

49. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Failure to Grant Remote Work as a Reasonable Accommodation in Violation of Americans with Disabilities Act of 1990, ("ADA") as amended 42 U.S.C. § 12101, *et seq.***

50. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 49 of this Complaint as if fully stated herein.

51. The ADA prohibits employers from discriminating against a disabled employee by refusing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

52. Plaintiff is a disabled individual within meaning of the ADA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-polar disorder. The occurrence of episodes attributable to his disorders substantially impacts Plaintiff's ability to perform activities of daily living when compared to average individuals.

53. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

54. Defendant is an "employer" within the meaning of the ADA.

55. Defendant was aware of Plaintiff's disabilities at all relevant times.

56. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to

onsite work at that time, due to his manager's sudden change in behavior after discussing his disability with her.

57. Plaintiff's disabilities were a substantial motivating reason for the termination of his employment by Defendant.

58. Plaintiff's request to work remotely constituted a reasonable accommodation request under the ADA. Plaintiff alleges that Defendant failed to grant Plaintiff's request to work remotely due to his disabilities in violation of the ADA. Defendant failed to allow Plaintiff to work remotely as a reasonable accommodation to Plaintiff's limitations due to his disabilities.

59. Upon information and belief, Plaintiff further alleges that Plaintiff's request to work remotely would not have imposed an undue hardship on the operation of Defendant's business.

60. The deliberate discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

61. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Grant Remote Work as a Reasonable Accommodation as Required by Cal. Gov. Code § 12940(m)**

62. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 61 of this Complaint as if fully stated herein.

63. Pursuant to Cal. Gov. Code § 12940(m) it is unlawful for an employer to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

64. At all relevant times, Plaintiff was and is a disabled individual within meaning of the FEHA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-polar disorder. The occurrence of episodes attributable to his disorders substantially impact Plaintiff's ability to perform activities of daily living when compared to average individuals.

65. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

66. Defendant is an "employer" within the meaning of the FEHA.

67. Defendant was aware of Plaintiff's disabilities at all relevant times.

68. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to onsite work at that time, due to his manager's sudden change in behavior after discussing his disability with her.

69. Plaintiff alleges that his medical conditions were a substantial factor in the decision to terminate Plaintiff's employment.

70. Plaintiff's request to work remotely constituted a reasonable accommodation request under the FEHA. Plaintiff alleges that Defendant failed to grant Plaintiff's request to work remotely due to his disabilities in violation of the FEHA. To wit, Defendant failed to allow Plaintiff to work remotely as a reasonable accommodation to Plaintiff's limitations due to his disabilities.

71. Upon information and belief, Plaintiff further alleges that Plaintiff's request to work remotely would not have imposed an undue hardship on the operation of Defendant's business.

///

72. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
**Failure to Engage in Interactive Process as required by the Americans with Disabilities Act of 1990 ("ADA") as amended, 42 U.S.C. § 12101, *et seq.***

73. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 72 of this Complaint as if fully stated herein.

74. Under the ADA, as amended 42 U.S.C. § 12101, *et seq*. it is an unlawful practice for an employer to fail to engage in a timely, good faith, interactive process with an employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

75. At all relevant times, Plaintiff was and is a disabled individual within meaning of the ADA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-polar disorder. The occurrence of episodes attributable to his disorders substantially impact Plaintiff's ability to perform activities of daily living when compared to average individuals.

76. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

77. Defendant is an "employer" within the meaning of the ADA.

78. Defendant was aware of Plaintiff's disabilities at all relevant times.

79. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to

1  onsite work at that time, due to his manager's sudden change in behavior after discussing his

2  disability with her.

3     80.     Plaintiff alleges that his medical conditions were a substantial factor in the

4  decision to terminate Plaintiff's employment.

5     81.     Plaintiff avers and alleges that Defendant failed to discuss in good faith and

provide Plaintiff's accommodation namely, working remotely as requested by Plaintiff. In

addition, upon information and belief, Plaintiff further alleges that working remotely was an

available reasonable accommodation which would not have imposed an undue hardship on

Defendant's business operations.

     82.     As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff

has sustained and continues to suffer emotional distress, loss of reputation, and mental and

physical pain, anguish, lost income and benefits, and loss of future income and benefits in an

amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**Failure to Engage in Interactive Process as Required by Cal. Gov. Code § 12940(n)**

     83.     The Plaintiff re-alleges and incorporates by reference the allegations set forth in

each of paragraphs 1 - 82 of this Complaint as if fully stated herein.

     84.     Pursuant to Cal. Gov. Code § 12940(n) it is an unlawful employment practice for

an employer to fail to engage in a timely, good faith, interactive process with the employee or

applicant to determine effective reasonable accommodations, if any, in response to a request for

reasonable accommodation by an employee or applicant with a known physical or mental

disability or known medical condition.

     85.     At all relevant times, Plaintiff was and is a disabled individual within meaning of

the FEHA. To wit, Plaintiff has suffered, and continues to suffer, from panic disorder and bi-

///

polar disorder. The occurrence of episodes attributable to his disorders substantially impact Plaintiff's ability to perform activities of daily living when compared to average individuals.

86. Plaintiff was highly qualified for the position of Staff Program Manager, Export Compliance, and satisfactorily performed his duties for Defendant during his tenure with Defendant.

87. Defendant is an "employer" within the meaning of the FEHA.

88. Defendant was aware of Plaintiff's disabilities at all relevant times.

89. Defendant terminated Plaintiff on April 23, 2023, unwilling to accommodate Plaintiff's request to work remotely due to his disability. Plaintiff had a fear of returning to onsite work at that time, due to his manager's sudden change in behavior after discussing his disability with her.

90. Plaintiff alleges that his medical conditions were a substantial factor in the decision to terminate Plaintiff's employment.

91. Plaintiff's request to work remotely constituted a reasonable accommodation request under the FEHA. Plaintiff alleges that Defendant failed to grant Plaintiff's request to work remotely due to his disabilities in violation of the FEHA. To wit, Defendant failed to allow Plaintiff to work remotely as a reasonable accommodation to Plaintiff's limitations due to his disabilities.

92. Plaintiff avers and alleges that Defendant failed to discuss in good faith and provide Plaintiff's accommodation namely, working remotely as requested by Plaintiff. In addition, upon information and belief, Plaintiff further alleges that working remotely was an available reasonable accommodation which would not have imposed an undue hardship on Defendant's business operations.

///

93. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of California Fair Employment and Housing Act ("FEHA") Cal. Gov. Code § 12900 *et seq.***

94. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each of paragraphs 1 - 93 of this Complaint as if fully stated herein.

95. On or about April 23, 2023, Defendant terminated Plaintiff's employment in violation of California Fair Employment and Housing Act ("FEHA") – Cal. Gov. Code § 12900 *et seq.*, which prohibits discrimination based on age, sex/sexual orientation and disability.

96. Defendant's termination of Plaintiff's employment constitutes a violation of public policy.

97. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff has sustained and continues to suffer emotional distress, loss of reputation, and mental and physical pain, anguish, lost income and benefits, and loss of future income and benefits in an amount to be proven at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

98. The conduct of Defendant, and each of its agents and employees, as described above, was contemptible and was carried out with deliberate and conscious disregard for Plaintiff's rights. Defendant, its agents and employees were aware of the probable detrimental consequences of their conduct and willfully and deliberately failed to avoid said consequences. Defendant's conduct constituted malice, oppression or fraud such that Plaintiff is

entitled to punitive damages under California law, Civil Code Section 3294, in an amount to punish Defendant or to set an example.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief as follows:

    1.    Economic damages for lost wages, employment benefits, and other compensation as a result of Defendant's wrongful conduct, no less than $300,000 plus, interest;

    2.    Non-economic damages for pain, suffering and emotional distress;

    3.    Punitive damages;

    4.    Statutory attorney's fees; and

    5.    Costs of suit.

Dated:  May 15, 2024

    Attorney for Plaintiff,
    ALEXANDER ROSS
    **BENNETT LEGAL SERVICES, INC.**
    Paul V. Bennett, CA Bar # 130225
    18 Bartol Street, Suite 175
    San Francisco, CA  94133
    eMail: *pbennett@bennettlaw.net*
    Ph: (410) 353-4994

    By:  /s/   Paul V. Bennett
    Paul V. Bennett

## **DEMAND FOR JURY TRIAL**

Plaintiff ALEXANDER ROSS, hereby demands that this matter be tried by jury.

Dated: May 15, 2024                               **BENNETT LEGAL SERVICES, INC.**

                                        By:  /s/  Paul V. Bennett
                                             Paul V. Bennett
                                             Attorney for Plaintiff
                                             ALEXANDER ROSS